UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SK SHIPPING CO. LTD.,

                Plaintiff,

- against -

WINSWAY INTERNATIONAL PETROLEUM
& CHEMICALS LTD.,

                Defendant.
------------------------------------------------------------------X

07 CIV 9344

ECF CASE

JUDGE McMAHON

## VERIFIED COMPLAINT

Plaintiff, SK SHIPPING CO. LTD., (hereafter referred to as "SK" or "Plaintiff"), by and through its attorneys, Lennon, Murphy & Lennon, LLC, as and for its Verified Complaint against the Defendant, WINSWAY INTERNATIONAL PETROLEUM & CHEMICALS LTD. ("Winsway" or "Defendant"), alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333. This claim involves the breach of maritime contract of charter. This matter also arises under the Court's federal question jurisdiction within the meaning of 28 United States § 1331 and the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards (9 U.S.C. § 201 *et seq.*) and/or the Federal Arbitration Act (9 U.S.C. § 1 *et seq.*).

2. At all times material to this action, Plaintiff was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of Korean law and was at all

material times the disponent owner[1] of the motor vessel "PETRO VENUS" (hereinafter the "Vessel").

3. Upon information and belief, Defendant Winsway was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of the laws of the Special Administrative Region of Macau, People's Republic of China with places of business at Macau and Beijing, and was at all material times the Charterer of the Vessel.

4. By a charter party dated February 14, 2007 Plaintiff voyage chartered the Vessel to Defendant for the carriage of 30,000 metric tons clean petroleum products from Kerteh, Malaysia to either Nantong, China or Nantong followed by a safe port in either Korea or Japan.

5. Plaintiff delivered the Vessel into the service of the Defendant and fully performed all duties and obligations under the charter party.

6. A dispute arose between the parties regarding Winsway's failure to pay demurrage[2] due and owing to Plaintiff under the charter party contract.

7. As a result of Winsway's breach of the charter party due to its failure to pay demurrage, Plaintiff has sustained damages in the total principal amount of $132,237.17 exclusive of interest, arbitration costs and attorneys fees.

8. Despite due and repeated demand, Winsway has failed to pay the amounts due and owing under the charter party. Attached hereto as Exhibit "1" are copies of Plaintiff's invoice(s) and demand(s) for payment by Winsway.

---

[1] A 'disponent owner' controls the commercial operations of a vessel having taken the vessel on charter from the registered owner of the vessel. The disponent owner usually time-charters the vessel from the registered owner and then sub-charters the vessel to charterers.

[2] Demurrage is a liquidated damage for delay set forth in the charter party that requires a charterer to pay to owner when the vessel is prevented from the loading or discharging of cargo within the stipulated laytime (i.e., the maximum time permitted in the charter party for cargo operations – here defined by the charter party as $23,000 per day, pro rata.)

9. Pursuant to the charter party, disputes between the parties are to be submitted to arbitration in London subject to English law. SK has commenced arbitration of its claim against Winsway by appointment of its own arbitrator and have also proceeded to appoint a second arbitrator on behalf of Winsway due to Winsway default to appoint its own arbitrator.

10. This action is brought in order to obtain jurisdiction over Winsway and also to obtain security for SK's claims and in aid of arbitration proceedings.

11. Interest, costs and attorneys' fees are routinely awarded to the prevailing party under English Law. Section 63 of the English Arbitration Act of 1996 specifically allows for recovery of these items as part of an award in favor of the prevailing party. As best as can now be estimated, Plaintiff expects to recover the following amounts at arbitration as the prevailing party:

| | | |
|---|---|---|
| A. | Principal claim – Demurrage | $132,237.17; |
| B. | Estimated interest on claim - 3 years at 7.5% compounded quarterly: | $33,021.79 ; |
| C. | Estimated arbitration costs: | $35,000; and |
| D. | Estimated attorneys' fees and expenses: | $70,000.00. |
| **Total:** | | **$270,258.96.** |

12. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District which are believed to be due and owing to the Defendant.

13. The Plaintiff seeks an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, *inter alia*, any assets of the Defendant held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendant and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint failing which default judgment be entered against it;

B. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of **$270,258.96** belonging to, due or being transferred to, from, or for the benefit of the Defendant, including but not limited to such property as may be held, received or transferred in Defendant's name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishees to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C. That the Court retain jurisdiction to compel the Defendant to arbitrate in accordance with the United States Arbitration Act, 9 U.S.C. § 1 *et seq.*;

4

D.  That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

E.  That this Court recognize and confirm any arbitration award(s) or judgment(s) rendered on the claims set forth herein as a Judgment of this Court;

F.  That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

G.  That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated:  Southport, CT
        October 17, 2007

                                The Plaintiff,
                                SK SHIPPING CO. LTD.

                                By: /s/ Kevin J. Lennon
                                Kevin J. Lennon
                                Charles E. Murphy
                                LENNON, MURPHY & LENNON, LLC
                                420 Lexington Avenue, Suite 300
                                New York, NY 10170
                                (212) 490-6050 - phone
                                (212) 490-6070 - facsimile
                                kjl@lenmur.com
                                cem@lenmur.com

## **ATTORNEY'S VERIFICATION**

State of Connecticut  )
                      )  ss.:  Town of Southport
County of Fairfield   )

1. My name is Kevin J. Lennon.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am a partner in the firm of Lennon, Murphy & Lennon, LLC attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:   Southport, CT
         October 17, 2007

/s/ Kevin J. Lennon
Kevin J. Lennon

EXHIBIT "1"

# Fax

**SENT**
**Britannia**

| | |
|---|---|
| To | Winsway International Petroleum & Chemicals Ltd |
| Attention | Zhao Kun |
| Fax | +86 10 6786 8080 |
| Your Ref. | Please advise |
| From | Rishi Choudhury |
| Our Ref. | FDD/DH/RC |
| Date | 07 August 2007 |
| No. of pages | 3 |

The Britannia Steam Ship
Insurance Association Limited

*Managers*
Tindall Riley (Britannia) Limited
New City Court
20 St Thomas Street
London SE1 9RR

Tel +44 (0)20 7407 3588
Fax +44 (0)20 7403 3942

The Britannia Steam Ship Insurance Association Limited Reg. No. 10340 England. Authorised and regulated by the Financial Services Authority. This Fax is confidential and may be privileged. It may be read, copied and used only by the addressee. If you have received this in error, please contact us immediately

**URGENT FAX**
**MT "Petro Venus"**
**Charterparty dated 14 February 2007**
**SK Shipping Co Ltd, Owners /**
**Winsway International Petroleum & Chemicals Ltd, Charterers**
**US$ 132,237.17 demurrage**

Dear Sirs,

We write on behalf of our Member SK Shipping Co Ltd the Owners under the above Charterparty.

As you are aware the amount of US$132,237.17 demurrage is outstanding and overdue from Charterers to Owners under the Charterparty.

We understand that there is no dispute in relation to Owners' laytime calculations at Kerteh and Daesan and that Charterers only seek to dispute Owners' application of the Chinese River Port clause at Nantong.

The Chinese River Port clause expressly provides that laytime counts in full 6 hours from tendering NOR at the ocean pilot station inbound and runs until dropping last ocean pilot station outbound.

The meaning of the clause is quite clear and Charterers's suggestion that the clause's application is limited to the secondary items listed in relation to tides, tugs or weather is incorrect. The first part of the clause clearly states that laytime is to count *"in full"* 6 hours after tendering NOR *"until"* the Vessel passes the outbound ocean pilot station and that is an end to the matter.

In accordance with the clause the Owners have calculated the laytime used at Nantong as 4 days 21 hours 5 minutes. The total demurrage incurred under the charterparty is 5 days 19 hours and 44 minutes after deducting allowed laytime of 84 hours. A copy of the Owners' demurrage invoice is attached hereto.

Charterers' failure to pay the outstanding demurrage is totally unjustified. Accordingly, please be advised that unless Charterers make payment within 2 business days Owners will immediately proceed to arbitration and in addition Owners will also be seeking security for their claim.

Please would Charterers confirm by return that they are immediately arranging remittance in full of the outstanding demurrage.

We look forward to hearing from you.

Regards,

Rishi Choudhury
Rchoudhury@triley.co.uk


# SK shipping

19TH FL. SK NAMSAN BLDG., NAMDAEMUNRO 5-GA 267, CHUNG-GU, SEOUL, 100-095, S.KOREA
P.O.BOX : C.P.O.BOX 2732  TEL : 82-2-3788-8652  FAX : 82-2-3788-8791  TLX : KOCOLN K22626,26490,28418

Messers. : Winsway International Petroleum & Chemicals Ltd.    No.    PTT 07-0140
C/O      : Nautica Shipping Co., Ltd.                          Date   14th Mar., 2007

## INVOICE
for

### PARTICULARS

Re : Demurrage Invoice for MT. Petro Venus Voy.-5
    C/P Dated 14th Feb., 2007

* Used Laytime for Demurrage

    - Total Used Laytime    :   09d 07h 44m
    - Allowed Laytime       :   03d 12h 00m
    - Time on Demurrage     :   05d 19h 44m
    - Demurrage Rate        :   U$23,000.00/day

* Demurrage Amount

    US23,000.00/day × 5.82222days = US133,911.06

* ((Less)) Address Commission(1.25%) = U$1,673.89

Total : U$132,237.17

Please remit the above amount to:                Yours Faithfully,

JP Morgan Chase Bank, New York, U.S.A            **SK Shipping Co., Ltd.**
For credit of Korea Exchange Bank
(Swift Code : KOEXKRSE)
In favor of SK Shipping Co., Ltd  Seoul, S.Korea
(A/C 030-JCD-100121)
with Korea Exchange Bank, Namdaemun Branch       C.H.Kim / Team Manager
Seoul, S.Korea                                   Product Tanker Team
Ref. No. PTT07-0140 Petro Venus V-5 Dem          Crude & Product Tanker Business Div.



19th Fl. Namsan Green Building,
267, 5-Ga, Namdaemun-Ro, Chung-Gu,
Seoul, Korea (C.P.O. Box 2732)

Telephone : **82-2-3788-8605**, 3788-8400
Facsimile : **82-2-3788-8779**, 3788-8300
Telex      : KOCOLN K22626

If any part of this transmission is incorrectly received please call +822 3788 8605

| To | Winsway International Petroleum & Chemicals Limited. | Date | 23 July 2007 |
|---|---|---|---|
| Attn | Zhao Kun | Our Ref | SK/ES/07-011 |
| Fax # | +86 10 6786 8080 | Your Ref | Please advise |
| From | E. S. Kim | Pages | |

**M.T. "Petro Venus" - C/P dd 14 Feb. 2007**
**Claim for Demurrage**

Dear Sirs,

This is the Insurance & Legal Affairs Team of SK Shipping Co., Ltd. and we refer to the subject matter.

We were informed by our business team that the demurrage amount calculated by you is different from ours due to different understanding of the Chinese River Port Clause of the C/P.

- **Interpretation of Chinese River Port Clause**

  *Chinese River Port Clause:*

  *If Vessel discharges at a river port time to count in full 6 Hrs after (unless vessel all*

*fast earlier) tendering NOR at ocean pilot station inbound until dropping/passing last ocean pilot station outbound, i.e. no deduction for time lost due to shift from first inbound pilot station, until arrival at customary anchorage for such port/berth, time lost due to weather and/or sea conditions, awaiting tide or time lost for awaiting tugs.*

From the above clause, we can understand following:

(1) When the vessel discharges at a river port, the laytime shall count **from** 6 hours after NOR tender **until** the vessel is passing the last pilot station when sailing out the same port;
(2) The above time period shall be counted in **full** with **no deduction** of the time lost listed after "i.e."

Based on the above, it is quite clear that the laytime shall count until the vessel's passing of the last pilot station when sailing out the river port. Subsequently, your understanding of the above Clause is not correct.

● **Calculation of Demurrage**

| | | |
|---|---|---|
| Laytime used at Kerteh: | 3 days 39 minutes | (No dispute) |
| Laytime used at Nantong: | 4 days 21 hours 5 minutes | (In dispute) |
| Laytime used at Daesan: | 1 day 10 hours | (No dispute) |

We state about the laytime used at Nantong in the following part since it is the only issue in dispute. It is clear from the Notice of Readiness that the time of NOR tender at Nantong is 0845 Hours on 1st March 2007. Therefore, the laytime shall commence from 1445 Hours on 1st March 2007 (6 hours after 0845). Further, it is also clear from the message of the Master of the vessel that the vessel passed the last pilot station at 1430 Hours LT on 6 March 2007 when sailing out from Nantong. In the circumstances, the gross laytime occurred at Nantong is 4 days 23 hours 45 minutes and the laytime used at Nantong shall be 4 days 21 hours 5 minutes after deducting the time for shifting.

2

Based on the above, the total laytime occurred during No. 5 voyage of the vessel was 9 days 7 hours 44 minutes and the time on demurrage will be 5 days 19 hours 44 minutes, after deducting allowed laytime of 84 hours.

Then, the demurrage shall be US$133,911.06 and after deduction of the address commission, the demurrage amount that you owe to us shall be US$132,237.17.

For your easy reference, we hereby enclose our Invoice for Demurrage and the Laytime Statement, Notice of Readiness, and message from the Master.

In the circumstances, we look forward to receiving your confirmation by return that US$132,237.17 will be paid to our account within 3 banking days (i.e. by 26 July 2007). If we do not hear from you in this regards, we will have no other option than to take legal action against you without further notice to recover the above amount plus interest and costs.   In which case, you will have to bear the legal costs, etc. as well.

We hope that this will not become necessary and look forward to hearing from you as a matter of urgency.

Best regards,

E. S. Kim / Insurance & Legal Affairs Team



# SK shipping

19TH FL. SK NAMSAN BLDG., NAMDAEMUNRO 5-GA 267, CHUNG-GU, SEOUL, 100-095, S.KOREA
P.O.BOX : C.P.O.BOX 2732  TEL : 82-2-3788-8652  FAX : 82-2-3788-8791  TLX : KOCOLN K22626,26490,28418

| | | | |
|---|---|---|---|
| Messers. : Winsway International Petroleum & Chemicals Ltd. | | No. | PTT 07-0140 |
| C/O : Nautica Shipping Co., Ltd. | | Date | 14th Mar., 2007 |

## INVOICE
for

| PARTICULARS | AMOUNT |
|---|---|
| Re : Demurrage Invoice for MT. Petro Venus Voy.-5<br>C/P Dated 14th Feb., 2007<br><br>* Used Laytime for Demurrage<br><br>   - Total Used Laytime  :  09d 07h 44m<br>   - Allowed Laytime    :  03d 12h 00m<br>   - Time on Demurrage :  05d 19h 44m<br>   - Demurrage Rate    :  U$23,000.00/day<br><br>* Demurrage Amount<br><br>   U$23,000.00/day × 5.82222days = U$133,911.06<br><br>* ((Less)) Address Commission(1.25%) = U$1,673.89 | |
| | Total : U$132,237.17 |

**Please remit the above amount to:**        Yours Faithfully,

JP Morgan Chase Bank, New York, U.S.A.      **SK Shipping Co., Ltd.**
For credit of Korea Exchange Bank
(Swift Code : KOEXKRSE)
In favor of SK Shipping Co., Ltd Seoul, S.Korea
(A/C 030-JCD-100121)
with Korea Exchange Bank, Namdaemun Branch    C.H.Kim / Team Manager
Seoul, S.Korea                                             Product Tanker Team
Ref. No. PTT07-0140 Petro Venus V-5 Dem.      Crude & Product Tanker Business Div.